FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUL 18 2012

JAMES W. McCORMACK, CLERK
By:_____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

| | |
|---|---|
| GERALD WEBB ) | |
| ) | |
| PLAINTIFF ) | |
| ) | |
| ) | CASE NO.: 1:12 cv 69 SWW |
| V. ) | |
| ) | |
| ) | |
| UNITED STATES OF AMERICA ) | |
| ) | This case assigned to District Judge Wright |
| DEFENDANT ) | and to Magistrate Judge Ray |
| ) | |

## COMPLAINT

Comes now the Plaintiff, Gerald Webb, by and through his attorney, James W. Stanley, Jr. and for his complaint and cause of action states to the Court as follows:

1. This Court has jurisdiction pursuant to the Federal Tort Claims Act (FTCA), as amended. 28 U.S.C. 2671-2680, together with 28 U.S.C. 1346(b) (federal question).

2. Plaintiff is a resident of Cleburne County, Arkansas. Defendant is the United States of America and is the proper party in this matter, pursuant to the FTCA, as amended.

3. Your Plaintiff initiated an administrative claim with the United States of America's Department of Veterans Affairs Regional Counsel in 2009 for bodily injuries he sustained as a result of medical care at the VA Medical Center in Little Rock, Arkansas on January 20th and on March 10th, 2009.

4. Plaintiff's tort claim was denied initially at the administrative level. He then sought, timely, a request for reconsideration. His claim was reconsidered by the Office of General Counsel of the Defendant's Department of Veterans' Affairs. That agency, on February 15, 2012, denied Plaintiff's request for reconsideration (Exhibit A, attached). Plaintiff had six months from that date in which to commence action in this court and has done so. Venue and jurisdiction are properly with this Court.

5. Plaintiff was a disabled veteran that underwent invasive treatment to his left hand at Defendant's VA Medical Center in Little Rock in 2009. This surgical treatment was administered to the Plaintiff, first on January 20th, and again on March 10th of 2009, in order to address the fact he had significant pain and impairment including a reduced range of motion in his left hand. After giving consent to treatment, Plaintiff underwent a left thumb trapezial resection arthroplasty with synthetic interpositional graft. Plaintiff was advised by his VAMC physician after the January, 2009 surgery the operation "did not go right,"

that a "mistake" had been made, and his left thumb surgery had not been successful. The treating physician at the VA Medical Center basically reiterated the staff medical personnel had not foreseen this operative result. Plaintiff suffered from continuing dysfunction to his left thumb and its underlying supporting structures. Plaintiff's extensor tendon to his left thumb disconnected post operatively and he could not extend his meta and inter phalangeal joints effectively.

6. To repair and to rectify those operative errors, Plaintiff underwent a second surgery at the Defendant's VA Medical Center on March 10, 2009 to correct this tendon rupture. This surgery did <u>not</u> correct the thumb dysfunction. Plaintiff continued to experience a reduced range of motion, a weakened use of his left thumb and reflex extension, and with continued pain and swelling.

A third surgery on Plaintiff's thumb was undertaken in January, 2010 at the VAMC in order to remove the stitches that never dissolved themselves. The continuing symptoms and residual dysfunction caused by the improper and ineffective care, aforesaid, by the VA Medical Center personnel caused Plaintiff to submit himself to the care of a hand specialist, Dr. Michael M. Moore. Dr. Moore, on March 21, 2011, administered Plaintiff a left thumb trapezial resection arthroplasty with suture suspension plasty and left dequervain release in order to

correct the previous VA hospital surgeries sequalea. After undergoing this surgery Plaintiff subsequently had much, but not all, of his left thumb dysfunction corrected from the prior VAMC surgeries.

8. Defendant's agents, servants, and medical professionals at the Little Rock VA Medical Center, in undertaking the surgeries on January 20th and March 10, 2009, were negligent and careless in the following particulars, to wit:

   a. By failing to obtain a proper informed consent from Plaintiff advising him at the time he executed such consent of the inherent risks and dangers of this type of surgery to his thumb and the anticipated possible results and downside to such treatment including a potential tendon rupture;

   b. The surgery on January 20, 2009 was not performed properly as admitted to by the VA physician to your Plaintiff.

   c. By failing to adhere to the applicable standard of care of other physicians concerning the administering a left trapezial type of surgery and affording sufficient protection against the post-operative risk of tendon rupture.

9. The foregoing acts of carelessness and negligence on the part of the

agents and servants of the Defendant were the sole and proximate cause of the damages sustained by the Plaintiff and as more particular set forth herein.

10. Plaintiff, Gerald Webb, has sustained the following damages as a result of the negligence of the Defendant's agents and servants aforesaid, to wit:

a. Conscious pain, suffering, swelling, and mental anguish;

b. Permanent anatomical impairment to his left hand as a result of the negligent surgery;

c. Incurrence of past medical and other kindred expenses as well as anticipated future medical expenses;

WHEREFORE, Plaintiff, Gerald Webb, prays that he have judgment against the Defendant in the sum of $250,000.00 for his conscious pain and suffering, mental anguish, reasonable and necessary medical expenses, and disability as a direct result of the negligence of the Defendant's agents and servants and for all other just and proper relief to which he may be entitled.

Respectfully submitted,

James W. Stanley, Jr.
Arkansas Bar No. 75124
917 West Markham, Suite A
Little Rock, AR 72201
(501) 324-2889 FAX (501) 324-2820



**DEPARTMENT OF VETERANS AFFAIRS**
Office of the General Counsel
Washington DC 20420

FEB 15 2012

In Reply Refer To:
021:SJP:14556

<u>CERTIFIED MAIL</u>

Mr. James W. Stanley, Jr.
Attorney at Law
Stanley Law Firm
917 West Markham Street, Suite A
Little Rock, Arkansas 72201

Subject: Administrative Tort Claim of Gerald Webb
Request for Reconsideration

Dear Mr. Stanley:

We have now completed our reconsideration of the above-referenced matter under the Federal Tort Claims Act (FTCA), and it is again denied.

Our review revealed no evidence of a negligent or wrongful act or omission on the part of an employee of the Department of Veterans Affairs (VA) acting within the scope of his or her employment causing injury to your client in connection with the two surgeries he underwent on his left hand at the Central Arkansas Veterans Healthcare System on January 20, 2009, and March 10, 2009.

Further action on the matter may be instituted in accordance with the FTCA, sections 1346(b) and 2671-2680, title 28, United States Code, which provides, in effect, that a tort claim that is administratively denied may be presented to a Federal district court for judicial consideration. Such a suit must be initiated within 6 months after the date of mailing of this notice of final denial as shown by the date of this letter (section 2401(b), title 28, United States Code). If such a suit is filed, the proper party defendant would be the United States, not VA.

Please note that FTCA claims are governed by a combination of Federal and state laws. Some state laws may limit or bar a claim or law suit. VA attorneys handling FTCA claims work for the Federal government, and cannot provide advice to you regarding the impact of state laws or state filing requirements.

Sincerely yours,

*Kathryn Simpson*

E. Douglas Bradshaw, Jr.
Assistant General Counsel

cc: VA Regional Counsel, Nashville, Tennessee