IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

GERALD WEBB                                                    PLAINTIFF

V.                              NO. 1:12CV00069-JTR

UNITED STATES OF AMERICA                              DEFENDANT

## ORDER

Defendant has filed a Motion in Limine seeking to exclude anticipated testimony from Plaintiff and his daughter-in-law (Patricia Webb), regarding statements made by Dr. Jody Bradshaw prior to Plaintiff's hand surgery on March 10, 2009. *Docs. #31 & #32*. Plaintiff has responded. *Doc. #35*.

Defendant anticipates that Plaintiff and Ms. Webb will testify that Dr. Bradshaw said he was going to open up Plaintiff's wound and connect the "ligament" in his thumb back together and that, if Dr. Bradshaw was unable to connect it, he would sew Plaintiff back up and tell him his options. Defendant argues that the statements allegedly made by Dr. Bradshaw are inadmissible hearsay because they are out-of-court statements that would be offered by Plaintiff for the truth of the matter asserted, that is, to support his claim that he gave a "limited" consent to surgery. *See* Fed. R. Evid. 801, 802.

Dr. Bradshaw's alleged statements to Plaintiff and Ms. Webb are not inadmissible hearsay. Under Rule 801(d)(2)(D), a statement offered against an opposing party is not hearsay when it was "made by the party's agent or employee on a matter within the scope of that relationship and while it existed." *See Orenstein v. United States*, No. 2:10cv348, 2013 WL 595766, *1 (D. Utah Feb. 15, 2013) (plaintiff's testimony regarding physician's post-surgery statements was admissible against the government in FTCA case under Rule 801(d)(2)(D)); *In re Jacoby Airplane Crash Litigation*, No. 99-6073, 2007 WL 2746833, *4-5 (D.N.J. Sept. 19, 2007) (collecting cases where out-of-court statements by government employees were admissible against the government under Rule 801(d)(2) as admissions by a party opponent).[1]

Defendant's Motion in Limine, *Doc. #31*, is DENIED.

---

[1]Plaintiff argues that the statements are admissible under Rule 803(4) as a "statement made for medical diagnosis or treatment." Rule 803(4) does not provide a basis for admissibility because, to fall within this exception to the hearsay rule, the statement must be obtained from the person seeking the medical treatment. *Stull v. Fuqua Industries, Inc.*, 906 F.2d 1271, 1273-74 (8th Cir. 1990) (the "medical records exception" is based on the assumption that a person making a statement for the purpose of obtaining medical treatment will "likely tell the truth to a medical person and that the statement is therefore inherently reliable"); *Bulthuis v. Rexall Corp.*, 789 F.2d 1315, 1316 (9th Cir. 1985) ("Rule 803(4) applies only to statements made by the patient to the doctor, not the reverse.").

DATED THIS  14th   DAY OF January, 2014.


_____
UNITED STATES MAGISTRATE JUDGE